CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 30 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BILL M. LONG, <br> Plaintiff, | Civil Action No. 7:15-cv-00249 |
| v. | MEMORANDUM OPINION |
| ROANOKE COUNTY POLICE DEPARTMENT, <u>et al.</u>, <br> Defendants. | By: Hon. Michael F. Urbanski <br> United States District Judge |

Bill M. Long, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against people and organizations involved in his prosecution and convictions for abduction, using a firearm in the commission of a felony, pointing or brandishing a firearm, and obstruction of justice. Plaintiff alleges that the defendants maliciously prosecuted him, and his convictions are presently under review at the Court of Appeals of Virginia. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

A malicious prosecution claim grounded in § 1983, "is simply a claim founded on a Fourth Amendment seizure that incorporates the elements of the analogous common law tort of malicious prosecution." <u>Durham v. Horner</u>, 690 F.3d 183, 188 (4th Cir. 2012) (quoting <u>Snider v. Seung Lee</u>, 584 F.3d 193, 199 (4th Cir. 2009)). In order to prevail on a claim of malicious prosecution, the plaintiff must demonstrate that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." <u>Evans v. Chalmers</u>, 703 F.3d 636, 646 (4th Cir. 2012); <u>see also</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would

necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim).

Plaintiff complaints that, inter alia, Defendant Gardner, a police detective, sent a SWAT team to Plaintiff's house after Plaintiff's neighbor, Elliot, told an off-duty state trooper that Plaintiff had kidnapped Plaintiff's wife. Plaintiff further complains that Gardner officially confiscated $34,000 in cash and checks from Plaintiff's house that was later used by the state court to pay costs associated with Plaintiff's convictions. Plaintiff may not pursue a malicious prosecution claim because criminal proceedings have not terminated in Plaintiff's favor and the claim is barred by Heck. Accordingly, the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

ENTER: This 30th day of June, 2015.

/s/ Michael F. Urbanski
United States District Judge

---

[1] Furthermore, Plaintiff cannot proceed against defendants Dorsey, Spencer, Robertson, and Inge, who were the attorneys representing Plaintiff during criminal proceedings, because they did not represent Plaintiff under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). Similarly, Plaintiff cannot proceed against defendant Elliott, whose allegedly false police report gave rise to probable cause for the police to investigate Plaintiff because Elliott did not act under color of state law and is entitled to immunity as a testifying witness. See, e.g., Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (2012); Briscoe v. LaHue, 460 U.S. 325, 327-46 (1983); Imbler v. Pachtman, 424 U.S. 409, 418 (1976); Burke v. Miller, 580 F.2d 108, 109-10 (4th Cir. 1978). Plaintiff cannot proceed against defendant Leach, the prosecutor, due to prosecutorial immunity or against defendant Swanson, the presiding state court judge, due to judicial immunity. See, e.g., Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Imbler, 424 U.S. at 430-31. Plaintiff cannot proceed against defendants Roanoke County Police Department, Roanoke City Police, or Roanoke County Sheriff's Office because they are not entities amenable to suit under § 1983. See, e.g., Howlett v. Rose, 496 U.S. 356, 365 (1990); West v. Atkins, 487 U.S. 42, 48 (1988); Blankenship v. Warren Cnty., 931 F. Supp. 447, 449 (W.D. Va. 1996); Hearn v. Hudson, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982).

2